IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Eric Wayne Steinmacher,** ) | |
|       Petitioner, ) | |
| ) | |
| v.                                  ) | 1:20cv49 (RDA/IDD) |
| ) | |
| **Harold W. Clarke,** ) | |
|       Respondent. ) | |

**MEMORANDUM OPINION**

Eric Wayne Steinmacher, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the computation of his sentence and the constitutionality of one of his four incest convictions in the Circuit Court of Accomack County on August 31, 2006. By Order dated April 2, 2020, the Court directed respondent to explain why the petition should not be granted limited to the conceded defaults. Respondent has filed a Motion to Dismiss, with a supporting brief and exhibits. [Dkt. Nos. 8, 9]. Petitioner has filed a response [Dkt. No. 11] after receiving the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition will be dismissed.

**Background**

Petitioner is in the custody of the Virginia Department of Corrections ("VDOC") pursuant to an August 31, 2006 judgment by the Circuit Court of Accomack County and is currently housed at Greensville Correctional Center. On May 22, 2006, petitioner waived indictment and proceeded on an information in the circuit court for four counts of incest in violation of Virginia Code § 18.2-366, to which he pleaded guilty on July 6, 2006. (Case Nos. CR06000073-01 through -04). The offense dates for the four charges were September 19, 2005,

December 19, 2005, January 8, 2006, and January 15, 2006 and those dates were included in the "Waiver of Indictment" Petitioner signed and filed on May 22, 2006.  The offense dates were also set forth in the disposition notice entered by the circuit court clerk on August 31, 2006, and in the order for taking a DNA sample entered by the circuit court judge on August 31, 2006. The circuit court sentenced petitioner to twenty (20) years in prison on each count, and then suspended fifteen (15) years of each sentence for a total active sentence of twenty (20) years.[1]

On December 1, 2010, the circuit court clerk sent Petitioner a copy of the judgment order entered on August 31, 2006.  Petitioner filed a "Motion to Vacate Conviction as Void ab Initio" dated January 11, 2011 and filed in the circuit court on January 11, 2011.  Petitioner sought to have "one count of incest that allegedly occurred on January 25, 2006" vacated because it was "impossible for petitioner to have committed the offense of January 25, 2006 because he was incarcerated at the Accomack County Jail at the time."  In his motion, Petitioner admits he became aware of the January 25, 2006 date in his judgment order "for the first time" on December 3, 2010 when he received the copy of the order from the circuit court clerk.  On January 13, 2011, the circuit court entered an order pursuant to Virginia Code § 8.01-428(B), which allows a circuit court to correct clerical errors at any time after the entry of the order. The January 13, 2011 order found that that the August 31, 2006 order had "erroneously stated January 25, 2006 as one of the offense dates and should have stated January 15, 2006 as the correct offense date.  The circuit court found the error was a clerical mistake and ordered that the judgment order be corrected to reflect the correct offense date, January 15, 2006 and that

---

[1] The information related herein is from the Virginia Courts Case Information webpage for Accomack County Circuit Court. See http://ewsocis1.courts.state.va.us/CJISWeb/MainMenu.do (last viewed on October 15, 2020).

"[a]ll other terms and conditions of the aforesaid order shall remain in full force and effect." Petitioner was sent a copy of the January 13, 20011 order by the circuit court clerk on January 24, 2011.

Petitioner has filed two habeas petitions in the Supreme Court of Virginia. In his first habeas petition, Record No. 190087, petitioner alleged that the VDOC had unlawfully extended his good time release date from May 21, 2023 to September 19, 2023; and that he had not been properly credited with time he had served in jail from January 19, 2006 through November 6, 2006. Steinmacher v. Pierce, et al., Record No. 190087 (VSCT No. 1 at 6).

In his second state habeas petition, Record No. 191104, Petitioner alleged he was being unlawfully confined by the VDOC with regard to one of his four convictions. Specifically, the conviction associated with the January 26, 2006 offense date (Case No. CR06000073-04) stating that he "could not have possibly committed" that offense because he was arrested on January 19, 2006. Steinmacher v. Clarke, Record No. 191104 (VSCT No. 2 at 4). Petitioner alleges he was not aware of the January 26, 2006 offense date until March 14, 2019 when Respondent filed his response, with affidavits, in Record No. 190087. [Id. at 6].

Petitioner filed his § 2254 habeas petition on January 5, 2020, and raises three grounds for relief:

1. Petitioner was in custody awaiting trial "from January 19, 2006 until November 6, 2006" and the VDOC has failed to apply that time to reduce Petitioner's period of confinement as mandated by Virginia Code § 53.1-187. [Dkt. No.1 at 5].
2. The VDOC unlawfully extended petitioner's Good Time Release date from May 31, 2023, to September 19, 2023, unlawfully." [Id. at 7].
3. The VDOC has "given Petitioner a sentence of '20 years with 15 years suspended for Adultery/Fornication' an offense that was committed on '1/25/2006' for which he was never charged or duly tried and convicted and was confined when this crime allegedly occurred." [Id. at 8].

Petitioner alleges that he could not have raised Ground 3 prior to March 14, 2019 because that is

when he received the February 28, 2019 affidavit in, [Dkt. No. 11-1 at 7], and that he did not discover the basis for claims 1 and 2 December 17, 2018 when a counselor disclosed them to him.  [Dkt. No. 1 at 14].

Respondent has moved to dismiss the § 2254 petition as barred by the statute of limitations.  In his response to the motion to dismiss, Petitioner has expressly abandoned Grounds 1 and 2 stating that he "hereby abandons Grounds One and Two of his instant Section 2254 petition."  [Dkt. No. 11 at 2 n.1].  Accordingly, the Court will only address the motion to dismiss Ground 3 as untimely.

## II.  Statute of Limitations

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending.  See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts).

To the extent petitioner challenges the validity of his conviction, he clearly became aware of the error in the August 31, 2006 order by his own admission on December 3, 2010 as he stated in his January 11, 2011 motion to vacate in the circuit court.  Petitioner filed his first state habeas petition, Record No. 190087, on January 14, 2011.  (VSCT No. 1 at 10).  The motion to vacate proceedings in circuit court establish that Petitioner was aware of the error in the August

4

31, 2006 order regarding the offense date before he signed his first state habeas petition. Since he did not file his second state petition, Record No. 191104, raising the claim until over eight years later, any challenge to the conviction is clearly untimely.

To the extent that Petitioner is challenging the execution of his sentence rather than his judgment of conviction, § 2244(d)(1)(D) controls the date on which the limitation period commences. See Childs v. Johnson, 3:09cv793, 2010 U.S. Dist. LEXIS 131058, *7-8 (E.D. Va. Dec. 10, 2010) (quoting Wade v. Robinson, 327 F.3d 328, 332–33 (4th Cir. 2003)). The limitations period therefore began running on the date petitioner could have discovered, through the exercise of due diligence, the basis for Ground 3. See id.; 28 U.S.C. § 2244(d)(1)(D). It is evident from the circuit court record that Petitioner became aware of the error in the order before January 7, 2011 the date of the motion to vacate he filed in circuit court and not in March 2019 as he has alleged. Therefore Ground 3 is barred by the statute of limitations.

### III.  Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must have presented to the Supreme Court of Virginia the same factual and legal claims raised in his § 2254 petition. See, e.g., Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Claim 1 is exhausted because the petitioner raised it in his state habeas petition to the Supreme Court of Virginia. (VSCT No. 2 at 4).

5

With respect to Ground 3, the Supreme Court of Virginia found that this ground was barred as untimely. "A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir.), cert. denied, 519 U.S. 1002 (1996). Virginia Code § 8.01-654(A)(2) is an adequate and independent bar that precludes federal review of a claim. See Sparrow v. Dir., Dep't of Corrs, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). A court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

As noted, petitioner was aware of the error in the August 31, 2006 order on or before January 7, 2011. The record precludes any assertion of cause and establishes Petitioner was not diligent in waiting over eight years in pursuing his claim. Further no miscarriage of justice occurred in this matter.

In his response, Petitioner, contrary to his sworn allegation in his § 2254 petition, that he learned for the first time about the error in the August 31, 2006 order on January 24, 2011 when the circuit court clerk provided him with a copy of his judgment order. It was then Petitioner

6

alleges that he "discovered for the first time that he had unknowingly pled guilty to a crime that had allegedly occurred on January 26, 2006." [Dkt. No. 11 at 3]. Aside from the fact that Petitioner's assertion that he learned for the first time on January 24, 2011 of the error is refuted by his own January 7, 2011 motion to vacate, the error did not impact the validity of the sentence imposed.

Here, the state circuit court record establishes beyond doubt that petitioner was aware of the January 25, 2006 court date's potential significance because he raised the issue in a motion to vacate date January 7, 2011 that he filed in the circuit court on January 11, 2011. The motion to vacate sought to vacate the conviction based upon the January 25, 2006 offense date in the August 31, 2006 order noting that petitioner had been arrested on January 19, 2006 and was incarcerated on January 25, 2006. In his motion in the circuit court, petitioner stated he learned of the incorrect offense date on December 3, 2010 when he received paperwork form the clerk regarding a different matter. The circuit court resolved the matter by entering an order on January 13, 2011 finding that the January 25, 2006 offense date in the August 31, 2006 judgment order was a clerical error and amended the August 31, 2006 order by noting the correct offense date was January 15, 2006.

The circuit court record supports the circuit court judge's finding that the January 26, 2006 date was a clerical error. The information and the waiver of indictment each include an offense date of January 15, 2006. In addition, the July 10, 2006 order memorializing the entry of Petitioner's guilty pleas on July 6, 2006, indicates Petitioner entered guilty pleas to the charges set forth in the information and the circuit court found Petitioner guilty of the four counts of incest "as charged in the information." The July 10, 2006 order includes the January 15, 2006 offense date. Finally, the disposition notice entered by the circuit court clerk on August

7

31, 2006 listed and the order for taking a DNA sample entered by the circuit court judge on August 31, 2006 included an offense date of January 15, 2006, not January 26, 2006.

In short, petitioner was not diligent in pursing Ground 3 and he was not prohibited from filing the claim in a timely manner. Petitioner waited over eight years after he was clearly aware of the facts that gave rise to Ground 3 before pursuing it in his second state habeas petition. Indeed, he filed a motion to vacate raising the claim within six weeks of learning of the erroneous offense date.

## IV. Conclusion

For the foregoing reasons, this petition must be dismissed with prejudice and an appropriate Order shall issue.[2]

Entered this 19 day of October 2020.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[2]  An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.